UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                        Case No. 12-20423

MARIO HAIRSTON,                                  HON. AVERN COHN

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Doc. 16)

### I.

This is a criminal case. Defendant Mario Hairston is charged in a two-count indictment with one count of interference with commerce by robbery in violation of 18 U.S.C. § 1951(a), and one count of discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Now before the Court is Hairston's motion to dismiss on the grounds that the Hobbs Act, 18 U.S.C. § 1951, *et seq.* is unconstitutional on its face and as-applied to him (Doc. 18). The Court held a hearing on the motion on April 16, 2013. For the reasons that follow, the motion is DENIED.

### II.

### A.

Like many defendants before him, Hairston challenges the Hobbs Act as an unconstitutional exercise of congressional power under the Commerce Clause. Unfortunately for Hairston, time-and-time again, courts have upheld the constitutionality of the Hobbs Act. *See, e.g., United States v. Wang*, 222 F.3d 234, 244 (6th Cir. 2000) ("The

Hobbs Act's constitutionality has been repeatedly upheld.") (citing *United States v. Valenzeno*, 123 F.3d 365, 368 (6th Cir. 1997)).  Accordingly, Hairston's facial challenge to the Hobbs Act has long been foreclosed.

B.

Hairston's claim that the Hobbs Act is unconstitutional as-applied to him, like his facial claim, is devoid of merit.  Section 1951(a) provides,

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a).  The statute defines robbery as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

The Sixth Circuit has held that, where the robbery affects a business entity, the government is required to show that the robbery had a *de minimis* connection with interstate commerce.  *See, e.g.*, *United States v. Chandler*, 486 F. App'x 525, 531-32 (6th Cir. 2012) ("Testimony that the restaurant received some of its products from out of state 'alone is sufficient to satisfy the *de minimis* standard,' even without evidence that the robbery caused the store to close or lose business.") (citation omitted).

Here, the government alleges that Hairston robbed a 7-Eleven store at gunpoint,

2

stole a bank card from a patron, and boxes of cigarettes from the establishment. The government contends that the cigarettes traveled in interstate commerce. Hairston's alleged conduct falls within the scope of the Hobbs Act, as it has been interpreted by the Sixth Circuit. *See, e.g., United States v. Greer*, 239 F. App'x 169, 172 (6th Cir. 2007) (attempted robbery of women's clothing store sufficient to satisfy *de minimis* standard because merchandise targeted by defendant was obtained outside of state); *United States v. Baylor*, 517 F.3d 899 (6th Cir. 2008) (finding sufficient to satisfy *de minimis* standard $538.00 taken by defendant from chain pizza restaurant). Accordingly, Hairston's as-applied challenge to the Hobbs Act fails.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: April 18, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 18, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160